WILLIAM WADE CHISMAN, MARY CARR WILLIAMSON, AND H. H. WILLIAMSON v. W. M. CHISMAN, PATTIE HAINES, GEORGE A. HAINES, ELIZA HAINES, AND J. L. HAINES.

(Filed 17 November, 1920.)

1. **Wills—Estates for Life—Limitations—Tenants in Common—Rents and Profits.**

   A devise and bequest to testator's wife of all of my property, both personal and real, for life, excepting what I hereafter give, and at her death to "revert" to C. and his wife and their children, followed by a bequest to the wife of half of the bonds and money I may have at the time of my death, and one-half of the profits of my farm on which I live, and other farms rented out: *Held,* the intent of the testator was that his wife, for her life, should receive the full benefit of the rents and profits of the land, and at her death it was to go over to C. and his wife and children as tenants in common.

2. **Same.**

   A devise and bequest to the wife of testator of all of his real and personal property for life except as thereafter disposed of in his will, with limitation over, followed by a bequest to her of one-half of his personalty and a devise of one-half of the rents and profits of his lands: *Held,* the devise of the lands in the first clause, included the rents and profits for her life, which was not affected, or cut down, by the second clause, to one-half, but the second clause evidently referred to the rents and profits accruing during the year preceding the death of the testator.

APPEAL by defendant from *Lane, J.,* at Fall Term, 1920, of STOKES.

This is a special proceeding for partition of land, which partition was agreed to, and the lands have been divided. The matter presented on this appeal comes up upon exceptions to report of referee passing upon the rents and profits.

The referee found that W. M. Chisman is indebted to his children, William Wade Chisman and Mary Carr Williamson, in the sum of $2,500 for rents and profits of land, as appears in the judgment which had been received by him and not accounted for to them. The report of the referee was confirmed by Judge Lane, presiding, in the Superior Court of Stokes County, March, 1920. The defendant, W. M. Chisman, appealed.

*E. B. Jones, C. O. McMichael and N. O. Petree for plaintiffs.*
*J. E. Alexander for defendants.*

BROWN, J. L. W. Anderson died, leaving a last will and testament containing the following clauses:

"First. I give to my wife, Martha Anderson, all of my property, both personal and real, excepting what I hereafter give, to hold and

enjoy the same during her life, and at her death to revert to W. M. Chisman, his wife, Augusta Chisman, and to their children.

"I want W. M. Chisman to administer on my estate without giving any security, as I have every confidence in him.

"I give to my wife half of the bonds and money I may have at the time of my death, and one-half of the profits of my farm both which I am now living, and those that are rented to other persons; to explain more fully. I mean the farm on which I live; the farm that Bony Vaughn is cultivating; my Madison property and my farm known as the Hiram Price farm, near Ruffin, on Wolf Island Creek."

There are other provisions in the will unnecessary to set out. The last clause makes W. M. Chisman and wife, Augusta, and their children, residuary legatees, inheriting everything not herein specifically given to any one else.

It is contended by the plaintiffs that under the will of Major Anderson, his widow, Martha, took only one-half of the rents of the land, and that the plaintiffs, as residuary legatees, are entitled to their share of the other half.

It is contended that the defendant, W. M. Chisman, received one-half of the rents and profits from the death of Major Anderson to the death of his widow, Martha, and paid them over to her, and failed to account to the plaintiffs for any part thereof.

We are of opinion that the construction of the will contended for by the plaintiffs is not the true intent and meaning and purpose of the testator. In the first clause of his will he gives to his wife "all of my property, both personal and real," with a few exceptions not necessary to mention. She is to hold this property during her life, and after her death it goes to W. M. Chisman, his wife and their children as tenants in common. It is contended that in a subsequent clause of the will he gave his wife one-half of the profits of his farm upon which he lived, and other lands, and that this devise in law has the effect to reduce her interest in the land one-half. This is upon the theory that where a testator devises the rents and profits of land, it carries with it the land itself. This doctrine has no application here. It is plain that the testator gave to his wife all of his real property, with some unimportant exceptions, for her life. There is no purpose manifest in any subsequent clause of the will to reduce that devise or in any way to limit or to circumscribe it. If she was entitled to the whole of the land for her life, it follows that the widow was entitled to the whole of the rents and profits. The clause devising to her one-half of the profits of the testator's farm and rented lands evidently refers to the rents and profits accruing during the year preceding his death. It cannot be supposed for a moment that the testator intended that his widow should have all

We are of opinion that the plaintiffs are not entitled to recover of the defendant Chisman any of the profits and rents of lands accruing up to the time of the death of the widow.

